# Court of Sessions—Rensselaer County.

## March, 1885.

## PEOPLE *v.* CHURCH.

### LARCENY BY DE FACTO OFFICER.

To convict of a crime for violation of official duty, it is not necessary to prove that the accused is a *de jure* officer, if he holds the office *de facto* it is enough.

Section 528 of the Penal Code covers a case of an appropriation by the chamberlain of a city, to his own use, of public moneys in his hands and the indictment therefor, need not be found under section 470, or the provisions of a city charter.

Under section 528 of the Penal Code, an intent to deprive or defraud the true owner of his property is necessary, but section 470 does not require any such intent.

There may be more crimes than one in a single transaction, and where the illegal act offends against two or more statutes, a prosecution under any one of them is proper.

TRIAL of the defendant, Henry S. Church, for larceny of certain moneys, the property of the city of Troy, and received by said defendant as chamberlain of said city, March, 1885.

The defendant was placed on trial upon an indictment which charged that " the said Henry S. Church, on the fourth day of February, 1884, at the city of Troy, in this county, was a public officer, to wit: chamberlain of the city of Troy (the city of Troy then and there being a municipal corporation duly organized under the laws of this State), having theretofore been duly appointed as such chamberlain, and having qualified as such and entered upon the discharge of the duties of said office. That as such chamberlain the said Henry S. Church was intrusted to receive all State, county and city taxes and assessments taxed or assessed upon real or personal estate in said city of Troy, also to collect and receive all claims due the city of Troy from any other source, and being so intrusted as afore-

said, the said Henry S. Church, by virtue of his said office of chamberlain of the city of Troy, then and there did receive and take into his possession divers amounts of money being in payment of certain state, county and city taxes, or assessments that had been taxed or assessed upon real and personal estate in said city of Troy, and of claims due the city of Troy from other sources, exceeding in value and amount the sum of six thousand dollars, (a more accurate description of which cannot now be given) for and on account of the city of Troy as chamberlain or treasurer of said city. That the said Henry S. Church on the day and year last aforesaid, at the city and county aforesaid, fraudulently and feloniously did take, make away with and secrete, with intent to deprive the true owner of said money, to wit, the city of Troy, of the use and benefit thereof, and to convert and appropriate the same to his own use, without the consent of the said city of Troy, and did fraudulently and feloniously convert and appropriate to his own use, divers promissory notes for the payment of money, the same being then and there due and unsatisfied, and of a kind known as United States treasury notes, of a number and denomination to the said grand jury unknown, and a more accurate description of which cannot now be given, of the value of six thousand dollars, divers promissory notes for the payment of money, the same being then and there due and unsatisfied, and of a kind known as National Bank Notes, of a number and denomination to the said grand jury unknown, and a more accurate description of which cannot now be given, of the value of six thousand dollars. Of the goods, chattels, personal property and money of the city of Troy which had come into his possession and under his control by virtue of his being such public officer, to wit, chamberlain of the city of Troy as aforesaid, against the form of the statute in such case made and provided, and against the peace of the people of the State of New York and their dignity."

*Patterson & Gamble*, for defendant.

*La Mott W. Rhodes*, district attorney, *Samuel Hand*, of counsel for the people.—A direction should be given to acquit the prisoner upon the following grounds :

I. That it must appear from the evidence that the defendant was chamberlain of the city of Troy *de jure ;* that he was *de facto* is not enough.

II. That it was improper to indict the defendant under section 528 of the Penal Code, that the indictment should have been if at all under section 470.

III. That the offense of converting public moneys by the chamberlain was provided for by the charter of the city of Troy, passed March 23, 1872 (chap. 129, *Laws of* 1872, vol. 1, p. 304, § 20), and this act being special and passed before the Penal Code went into effect, under section 725 of the Penal Code, stands unrepealed, and the indictment should have been based on that statute.

JOHN C. NOTT, County Judge.—Whether the defendant was chamberlain *de jure* or *de facto* was unimportant. He was liable to indictment if he assumed to perform the duties of the office under color of title. Bishop says : " In the actual affairs of government, a man sometimes holds an office to which he has not been duly appointed, but if he does the duties of it under color of title he is called an officer *de facto* and his official acts are binding on third persons, though they are said not to be valid in his own favor. One duly appointed and commissioned serving in the office, is called an officer *de jure.* Now clearly, an officer *de facto* indicted for malfeasance in office cannot object that he is not such *de jure,* because his acting in the office estops him to deny his right to it. And he is an officer liable to punishment, within the statute against embezzlement." 1 *Bish. on Crim. Law,* § 464, 7th ed. and numerous cases cited ; also 2 *Bish. on Crim. Law,* § 392. With respect to the other points, I think the district attorney might have framed the indictment under either section 470 or section 528. An illegal act frequently offends against the provisions of two or more statutes, and a prosecution under any one of them is proper. Commonwealth *v.* McConnell, 11 *Gray,* 204 ; Commonwealth *v.* Trickey, 13 *Allen,* 559; 1 *Bish. on Crim. Law,* § 778, 7th ed. There is, however, a marked distinction between the two sections, under section 528, the important element of the offense consists in " the intent to deprive or defraud the

true owner of his property " which is distinctively alleged in the pending indictment. Section 470 does not require any such intent to exist in the mind of the defaulting official when he is appropriating public moneys intrusted to him.

More must be proven against the defendant to convict him under the pending indictment, than if on trial under section 470.

It was not necessary to follow the charter of the city, as it could not have been intended to have it interfere with the general statute of the State, and full effect may be given to the charter provision, without trenching upon the statute making certain acts like the present charge, of the city chamberlain, a felony.

Motion denied.